IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANIEL JAMES CALLAHAN

VS.                                                    CIVIL ACTION NO. 2:12cv202-KS-MTP

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Complaint filed by Daniel James Callahan ("Callahan") appealing the final decision of the Social Security Commissioner denying his application for Social Security disability insurance benefits. The Commissioner has filed a response to appellant's brief and now moves to affirm the decision to deny benefits [14]. Magistrate Judge Michael T. Parker has entered a Report and Recommendation [16] recommending that the final decision of the Commissioner be affirmed. Callahan has filed an objection to the Magistrate Judge's Report and Recommendation [17]. The Court has considered the pleadings of Callahan, the Commissioner, the record and the Report and Recommendation of Magistrate Judge Parker and does hereby find as follows:

I. FACTS AND PROCEDURAL BACKGROUND

Daniel James Callahan ("Appellant" or "Callahan") filed an application for SSDI benefits on January 21, 2010, alleging that he is disabled and has been unable to work due to his disability since February 1, 2009. Doc. [12] at 115-118. He alleged in the Field Office Disability Report that he suffers from brittle diabetes impairment, hypertensive cardiovascular

disease/ hypertension, depression, sleep apnea, narcolepsy, other neurological disorders, and other pulmonary disorders. *Id*. at 132. Callahan's application for SSDI benefits was denied initially on February 17, 2010, and again upon reconsideration on April 16, 2010. Doc. [12] at 89-98. He filed a written request for a hearing on July 15, 2010, and his request was granted.

On April 21, 2011, Administrative Law Judge ("ALJ") Robert C. Allen conducted the requested hearing in Hattiesburg, Mississippi. Callahan and a vocational expert ("VE") testified at the hearing. By a decision dated June 8, 2011, the ALJ found that Callahan is not disabled under §§ 216(I) and 223(d) of the Social Security Act. Doc. [12] at 21-28. In reaching his decision, the ALJ determined that Callahan has severe impairments in the following conditions: narcolepsy, sleep apnea, and degenerative disc disease. The ALJ found, however, that Callahan has a residual functional capacity to perform "medium" work and, therefore, is not disabled. After the unfavorable ruling, Callahan sought review from the Social Security Appeals Council. His request for review was denied on September 11, 2012, thereby rendering the ALJ's decision as the final decision of the Commissioner.

Aggrieved by the Commissioner's decision to deny SSDI benefits, Callahan filed a complaint in this Court on November 8, 2012, seeking an order reversing the decision and awarding him benefits. Complaint [1]. The Commissioner filed an answer [11] to the complaint, denying that Callahan is entitled to any relief. The Commissioner also moves for an order affirming the decision to deny SSDI benefits. Motion to Affirm [14].

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. STANDARDS FOR ENTITLEMENT FOR SOCIAL SECURITY BENEFITS

Callahan bears the burden of proving that he is disabled. After the initial burden is met the Commissioner must come forward and show that the claimant is capable of performing substantial gainful activity and, therefore, is not disabled. *Harold v Boeing*, 862 F.2d 471, 475 (5th Cir. 1988).

### IV. STANDARD OF REVIEW FOR FINAL DECISIONS OF THE COMMISSIONER

This Court's review is limited. If substantial evidence supports the Commissioner's findings and the correct legal standards were applied to the evidence, then this court is obligated to affirm the decision.

### V. DISCUSSION

The two issues complained of by appellant deal with weighing of the evidence and the credibility of the witness. This Court notes at the outset that the Administrative

Law Judge had the benefit of the live testimony of Callahan and the vocational expert. The ALJ is the trier of the facts and if there is substantial evidence, as defined by applicable case law, to support his decision, then his decision must be affirmed.

The appellant had a significant work history and, to his credit, had worked regularly from the time he was sixteen years old continuing through the time that he claims the onset of his disability, which is February 1, 2009. The medical problems that the ALJ found that Callahan suffers from that rise to the level of severe impairments are narcolepsy, sleep apnea and degenerative disk disease. Continuing through the five step analysis, the ALJ found that Callahan retained the capacity to perform medium work, but that he is limited to semi-skilled work with limitations that he should not drive or be exposed to dangerous equipment and that he would have to be allowed to take unscheduled breaks two or three times per day for a few minutes each time due to the narcolepsy.

They are two reasons urged by Callahan to reverse the Commissioner's decision. They are: (1) because the ALJ failed to give appropriate weight to Dr. Heath's opinions on Callahan's medical condition; and (2) because the ALJ failed to properly evaluate Callahan's credibility.

This Court will address those propositions separately.

The thrust of Callahan's first objection is that the ALJ misapplied the opinion of the treating physician and that Dr. Heath's (the treating physician) opinions are uncontradicted and should have been granted controlling weight. See, 20 CFR § 404.1527(c)(3). This Court has looked at the objections filed by Callahan, as well as the facts as set forth in the Report and Recommendation and the record, and finds that

there is substantial evidence to support the decision of the Administrative Law Judge and his not giving controlling weight to the treating physician's opinion.  The scarcity of Dr. Heath's written record and the contradictory portions of records that were submitted provide substantial evidence for the ALJ's decision.  The fact that Callahan continued to work for a period of time and that there has been no referral to specialists or a consistency of doctor visits, all support the decision of the ALJ.  Statements made by Callahan were that he would have "gone back to his old job as long as accommodations were made."  The VE testified that there were jobs in the economy that could accommodate the restrictions. There is also some substantial question created by the absence of treatment notes leading up to the report from Dr. Heath on March 25, 2011.  This Court finds that there is substantial evidence supporting the weight given by the Administrative Law Judge to the treating physician's opinion and, therefore, this Court is required to **affirm** on this point.

In considering the second objection, this Court notes that it is the job of the trier of fact to determine the credibility of the witnesses.  Social Security claims are no different.  The trier of fact was present during the testimony and was able to observe Callahan as he testified and responded.  The testimony regarding the intensity, persistence and limiting effect of the symptoms of Callahan is suggestive of overstating the symptoms.  This is especially true in light of the absence of objective medical tests or medical evidence to support same. Callahan was diagnosed with sleep apnea in 2004 and with degenerative disk disease in 2008 and continued to work and there are indications in the medical records that Callahan's symptoms improved and were treatable by medication. There is also testimony that he had his pain managed by the

medication. These all indicate that there are questions regarding the credibility or overstatement of the limiting conditions that Callahan suffered from. The bottom line is that there is substantial evidence in the record that points to the propriety of the ALJ's evaluation of the credibility of Callahan. The ALJ found that Callahan's testimony was not credible regarding the disabling factors and he so stated. This Court cannot say that there is not substantial evidence to support the ALJ's decision and, therefore, is required to affirm.

## VI. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Callahan's objections to the Report and Recommendations lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) that the Commissioner's Motion to Affirm the Decision to Deny Benefits [14] should be granted and this matter is **dismissed with prejudice**.

SO ORDERED this, the 12th day of March, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE